B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re   Jody Sean McIntyre
　　　　　　　Debtor

*(Complete if issued in an adversary proceeding)*

_____
　　　　　　　Plaintiff

v.

_____
　　　　　　　Defendant

Case No.   23-10006

Chapter   11

Adv. Proc. No. _____

**EXHIBIT 1**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Jody Sean McIntyre
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| McGinnis Lochridge<br>6316 N. 10 ST Building A, Suite 102<br>McAllen, TX 78504<br>or via email to max@beattypc.com | March 10, 2023 by 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　OR

_____　　　_____
*Signature of Clerk or Deputy Clerk*　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Catherine Curtis, Ch. 7 Trustee    , who issues or requests this subpoena, are:　　　　　　832-529-3381
J. Maxwell Beatty, The Beatty Law Firm, PC, 1127 Eldridge Pkwy, Suite 300, #383, Houston, TX 77077 max@beattypc.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-10006   Document 32-1   Filed in TXSB on 02/20/23   Page 2 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 23-10006   Document 32-1   Filed in TXSB on 02/20/23   Page 3 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A**

**DEFINITIONS**

Capitalized terms not defined herein shall have the meaning provided to them in the Original Complaint. The following terms have the following meanings, unless the context requires otherwise:

1. <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2. <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. <u>Bank Accounts.</u> The term "bank accounts" means checking, savings, deposit, money market or other similar account, whether held at a state bank, national bank, credit union, or account held with Cash App, Robin Hood, CoinBase, Crypto.com, or other similar service/account.

4. <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. <u>Debtor.</u> The term "Debtor" shall refer to the Debtor, A+ Pro Recovery and Towing LLC and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on its behalf.

6. <u>Material.</u> The term "material" means <u>all</u> documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

    a. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, summaries, etc.

    b. <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

        i. "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including

     history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Sedona Conference Glossary: E-Discovery & Digital Information Management (Fourth Edition).

    ii. "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each

    example used to illustrate the term "electronic information system" will have the meaning assigned to it by Sedona Conference Glossary: E-Discovery & Digital Information Management (Fourth Edition).

    iii. "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Sedona Conference Glossary: E-Discovery & Digital Information Management (Fourth Edition).

  c. <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

  7. <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

  8. <u>Parties.</u> The term "Trustee" or "Debtor," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his/her/its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

  9. <u>Person.</u> The term "person" means any natural person, a business, a legal or governmental entity, or an association.

  10. <u>Petition Date</u>. The term "Petition Date" means September 9, 2022.

  11. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

  12. <u>TDLR Licenses</u>. The term "TDLR Licenses" shall refer to the licenses or permits issued by the Texas Department of Licensing and Regulation including: (a) those numbered 006556421C, 0655705VSF, 006556431C, TDLR0006556421003IM, TDLR0006556431003IM, TDLR0006556431002IM, TDLR0006556421002IM, and TDLR0006556421001IM; and (b) any other licenses or permits applied for by or issued to the Debtor.

  13. <u>You & your.</u> The terms "you" and "your" mean you and your agents, representatives, attorneys, experts, employees and other persons acting or purporting to act on your behalf.

**REQUESTS FOR PRODUCTION**

**Request No. 1.**  All bank statements for any account in the name of A+ Pro Companies, LLC for the period of Petition Date through the present date.

*Response*:

**Request No. 2.**  All bank statements for any account in the name of Jody McIntyre for the period of the Petition Date through the present date.

*Response*:

**Request No. 3.**  All bank statements for any account in your name or control that received any funds earned on a vehicle or lot using and of the TDLR Licenses for the period of the Petition Date through the present date.

*Response*:

**Request No. 4.**  All bank statements for any account in A+ Pro Companies, LLC's name or control that received any funds earned on a vehicle or lot using and of the TDLR Licenses for the period of the Petition Date through the present date.

*Response*:

**Request No. 5.**  All bank statements for any account in any other company's name or control that you hold an ownership interest in that received any funds earned on a vehicle or lot using and of the TDLR Licenses for the period of the Petition Date through the present date.

*Response*:

**Request No. 6.**  Any general ledger or similar accounting record for A+ Pro Companies, LLC for the period of the Petition Date through the present date.

*Response*:

**Request No. 7.**  Any income statement or similar accounting record for A+ Pro Companies, LLC for the period of the Petition Date through the present date.

*Response*:

**Request No. 8.**  Any balance sheet or similar accounting record for A+ Pro Companies, LLC for the period of the Petition Date through the present date.

*Response*:

**Request No. 9.**  Any statement of cashflows or similar accounting record for A+ Pro Companies, LLC for the period of the Petition Date through the present date.

*Response*:

**Request No. 10.**  Any general ledger or similar accounting record for any other company you hold an ownership interest in for the period of the Petition Date through the present date.

*Response*:

**Request No. 11.**  Any income statement or similar accounting record for any other company you hold an ownership interest in for the period of the Petition Date through the present date.

*Response*:

**Request No. 12.**  Any balance sheet or similar accounting record for any other company you hold an ownership interest in for the period of the Petition Date through the present date.

*Response*:

**Request No. 13.**  Any statement of cashflows or similar accounting record for any other company you hold an ownership interest in for the period of the Petition Date through the present date.

*Response*:

**Request No. 14.**  Any invoices, receipts, or similar documents for any tow services performed by Jody McIntyre, Castine McIlhargey, A+ Pro Companies, LLC, or any company you own or control from the Petition Date through the present date.

*Response*:

**Request No. 15.**  Any records or reports to police of non-consent towing or similar activities from the Petition Date through the present date.

*Response*:

**Request No. 16.**  Any correspondence, including emails, relating to any towing activity or transporting activity from the Petition Date through the present date for any vehicles that used, bore, or were related to any of the TDLR Licenses.

*Response*:

**Request No. 17.**  Any photos taken of vehicles that were moved or transported using vehicles that used, bore, or were related to any of the TDLR Licenses taken from the Petition Date through the

present date.

    *Response*:

**Request No. 18.**  All records from the Petition Date to the present date related to the pickup or retrieval of any vehicles that were either towed, transported, or stored by you, A+ Pro Companies, LLC, or any other entity you hold an ownership interest in or control.

    *Response*:

**Request No. 19.**  All records from the Petition Date to the present date related to the payments for any vehicles that were either towed, transported, or stored by you, A+ Pro Companies, LLC, or any other entity you hold an ownership interest in or control.

    *Response*:

**Request No. 20.**  All records from the Petition Date to the present date related to notices sent to owners, lienholders, or any other interested parties related to any vehicles that were either towed, transported, or stored by you, A+ Pro Companies, LLC, or any other entity you hold an ownership interest in or control.

    *Response*:

**Request No. 21.**  Copies of any electronic accounting records for the period of the Petition Date through the present date whether they are held on QuickBooks, an industry specific program, or any similar type of program.

    *Response*:

**Request No. 22.**  Any logs or similar records relating to towing, transporting, storage for the period of the Petition date through the present date that were created, maintained, or held by you, A+ Pro Companies, LLC, or any other entity you hold an ownership interest in or control.

    *Response*:

**Request No. 23.**  Any records related to the ownership of any vehicles by you, A+ Pro Companies, LLC, or any other entity you hold an ownership interest in or control, including titles or loan documents that evidence ownership.  This request should be read to include ownership of any vehicle that is capable of towing other vehicles as well as any non-towing capable vehicles.

*Response*:

**Request No. 24.**  Any records related to transfer of the Debtors' assets to you, A+ Pro Companies, LLC, or any other entity you hold an ownership interest in or control that occurred during the period of one year prior to the Petition Date through the present day.

*Response*:

**Request No. 25.**  Any records related to transfer membership interests in A+ Pro Companies, LLC.

*Response*: